UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY D KONSIONOWSKI,

        Plaintiff,

                                                   Case No. 19-cv-0596-bhl

v.

PHILLIP J SIKORSKI,

        Defendant.

---

## ORDER GRANTING MOTION FOR EXPERT FEE

---

      Pending before the Court is Plaintiff Gregory Konsionowski's motion to compel Defendant Phillip Sikorski to pay expert witness Dr. Jeffrey Kutcher's deposition cancellation fee. (ECF No. 91.) For the following reasons, that motion will be granted.

### BACKGROUND

      On August 4, 2022, Defense counsel sent Plaintiff's counsel an email asking to schedule a deposition for Plaintiff's expert witness Dr. Jeffrey Kutcher, a neurologist and the medical director of the Henry Ford Kutcher Clinic for Concussion and Sports Neurology. (ECF No. 92-1 at 3.) Eleven days later, Plaintiff's counsel responded and agreed to cover any preparation fees associated with the deposition provided that Defendant paid the witness' $1,500/hour deposition fee. (*Id.* at 1-2.) Defense counsel raised no objection to this condition. (*Id.*) Rather, on August 29, 2022, Defendant noticed Dr. Kutcher's deposition for September 1. (ECF No. 92-2 at 1.) On September 1, 2022 at 10 a.m. (two hours before the scheduled deposition), pursuant to the deposition notice, Plaintiff's counsel emailed Defense counsel a copy of all communications between his firm and Dr. Kutcher. (ECF No. 92-3 at 2.) Defense counsel responded at 11:09 a.m.: "Based on the documents you provided and the information in his report[,] we no longer need to depose [Dr. Kutcher] at this time." (*Id.* at 1.) The previously scheduled deposition therefore did not take place.

Five days later, Plaintiff's counsel emailed Defense counsel Dr. Kutcher's invoice, which included a $625 preparation fee and a $1,500 cancellation fee. (ECF No. 92-4 at 1-2.) Defendant refused to pay the cancellation fee, so Plaintiff brought this motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay [an] expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." The Rule uses mandatory language, so "before refusing to order a deposing party to pay the other party's expert, [a] district court must explicitly find either manifest injustice or that the fee was unreasonable." *Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007).

## ANALYSIS

Defendant first argues that Rule 26 does not contemplate assessment of a cancellation fee, especially one that was never disclosed ahead of time. (ECF No. 93 at 1.) While Rule 26(b)(4)(E) does not explicitly reference "cancellation," it exists, in part, to compensate experts for time spent responding to discovery. *See Krepps v. NIIT (USA), Inc.*, 297 F.R.D. 579, 581 n.1 (N.D. Ill. 2013) (citing Rule 26, 1970 Advisory Committee Note). This Court would not be the first to conclude that such time includes billable hours lost due to untimely cancellation of a deposition. *See Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999) (requiring the plaintiff to compensate an expert doctor for two hours of his time even though the deposition ended after one); *Mallory v. Rush Univ. Med. Ctr.*, 18 CV 4364, 2020 WL 6132231, at *2 (N.D. Ill. Oct. 19, 2020) (charging the plaintiff "a fee for an untimely cancellation of an expert witness deposition"). Defense counsel cancelled Dr. Kutcher's deposition less than an hour before its scheduled start time. Though this nominally freed up his calendar, he was unlikely to be able to book neurology clients to make use of this time on such short notice. Thus, without payment of the cancellation fee, he would effectively lose at least an hour of potential income. It is not in any way antithetical to the text or purpose of Rule 26(b)(4)(E) to shift this loss onto the defendant, who elected not to proceed with the previously noticed deposition.

Defendant also asserts that it "is unreasonable and a manifest injustice" to require him to pay the $1,500 fee he specifically cancelled the deposition to avoid. (ECF No. 93 at 2.) "Manifest injustice is a high standard that is satisfied in only extraordinary circumstances." *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 884 (7th Cir. 2020). "[M]ost courts have found that [it]

exists under Rule 26(b)(4)(E) either when (1) a plaintiff is indigent or (2) requiring the plaintiff to pay an expert's fee would create an undue hardship." *Bradford v. Obaisi*, No. 16 C 8112, 2019 WL 4166855, at *2 (N.D. Ill. Sept. 3, 2019). Neither circumstance is present here. Further, as previously explained, it is not unjust for a medical professional to charge for a single hour of his time as a last-minute cancellation fee. Nor is it unjust to require the canceller to pay that fee.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Payment of Expert Fees, ECF No. 91, is **GRANTED**. Defendant is ordered to pay the $1,500 fee that resulted from the untimely cancellation of Dr. Kutcher's deposition.

Dated at Milwaukee, Wisconsin on November 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge